IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR FOOD SAFETY )<br>    660 Pennsylvania Avenue, SE )<br>    Suite #302 )<br>    Washington, DC 20003 )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE )<br>    1400 Independence Avenue, SW )<br>    Washington, DC 20250 )<br>)<br>          Defendant. )<br>) | CIV. NO. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action brought under the Freedom of Information Act, 5 U.S.C. §552, to enjoin the Defendant from withholding from public disclosure certain records of the United States Department of Agriculture within its possession and control.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B), as well as 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as Defendant), and 28 U.S. C. § 1361 (mandamus).

3. The relief requested is specifically authorized pursuant to 28 U.S.C. §2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief) and the Plaintiff has a right bring this action pursuant to 5 U.S.C. §§ 701-706.

4. Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(e) because the Defendant in action resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district

### PARTIES

5. Plaintiff, the Center for Food Safety ("CFS"), is a non-profit public interest organization committed to the protection of human health and the environment. CFS seeks to engage in projects that address the impact of our food production system on human health, animal welfare, and the environment. CFS focuses its efforts on understanding and sharing information about harmful food technologies, and promoting organic and other forms of sustainable agriculture. CFS achieves these goals by, *inter alia,* analyzing information from, policy decisions of, and applications concerning the field testing of genetically engineering wheat seed varieties and disseminating this information to policy-makers and the general public. By bringing together, studying and distributing this information CFS fulfills a vital role in educating officials and the community on issues key to the protection of human health and the environment. CFS is located at 660 Pennsylvania Avenue, SE, Suite 302, Washington DC 20003.

6. By denying the Center for Food Safety access to documents requested under the Freedom of Information Act ("FOIA"), the Defendant has prohibited the Plaintiff from obtaining government information necessary to meet its organizational function of

2

fully and accurately analyzing Defendant's testing of genetically engineered wheat varieties and any potential for harm and spread they may encompass.

7. Defendant, United States Department of Agriculture ("USDA"), is charged with the duty to propose and promulgate regulations, prepare studies and reports, make determinations and findings, and take other appropriate action concerning the protection of food, agriculture, and natural resources, including issues related to the field testing of genetically engineered wheat seed varieties.

8. Defendant, pursuant to the requirement of FOIA, 5 U.S.C. § 552 *et seq.*, has a duty to provide public access to all public documents in their possession, including those concerning the field testing of genetically engineered wheat seed.

## STATEMENT OF FACTS

9. Defendant USDA is an agency of the United States, established by statute under 7 U.S.C. §2201, *et seq.*, and charged with the responsibility for, among other things, the administration of federal programs concerning the research, field testing, and use of genetically engineered seed varietals. Defendant possesses records relating to this field testing to which CFS seeks access.

10. On July 20, 2002, CFS sent Defendant a "Freedom of Information Act Request" ("FOIA request") pursuant to 5 U.S.C. §552 *et seq.,* requesting documents in the possession of the Defendant pertaining to, *inter alia*, the USDA's field testing of genetically engineered wheat varieties.

11. By letter dated July 31, 2002, Defendant acknowledged the receipt of CFS' request for documents. The USDA assigned the case number FOIA 02-582, and indicated that they had begun a search for documents related to the request. They assured

3

the Plaintiff that any information releasable under FOIA would be forwarded on for their review. If any questions arose, Defendant provided a contact number for their FOIA compliance office.

12. After a period of over 10 months without receiving a response from Defendant, Plaintiff initiated a series of phone calls to the FOIA compliance office contact provided by the Defendant in the July 31, 2002 letter.

13. Plaintiff's first follow up call concerning the FOIA request was made on May 14, 2003, and a message left furnished no response. Two weeks later, on May 27, 2003, Plaintiff again called and left a message with Defendant's FOIA compliance office. Seven days later, on June 3, 2003, Plaintiff received a return phone call from USDA stating that there was a backlog of FOIA requests and that the FOIA request would be put "in queue."

14. On July 10, 2003, Plaintiff again contacted the USDA FOIA office and was told the request had been assigned to specialist Tamia Woods; an employee who would be out of the office for the next 4 weeks. Calling on July 14, 2003, to express concern that the request was being handled by someone that would be absent for 4 weeks, Plaintiff was told that Ms. Woods was working part time and everyone was "working hard."

15. On September 4, 2003, Plaintiff once again called Ms. Woods concerning request #02-582, and Ms. Woods informed Plaintiff that she was leaving the office and the case would be reassigned by Ms. Suzi Graf.

16. After waiting an additional year for Defendant to fulfill the FOIA request under a new specialist, Plaintiff again contacted Defendant's FOIA compliance office.

Speaking with Ms. Graf on September 14, 2004, Ms. Graf indicated that the office was having computer problems, and she would contact Plaintiff as soon as the problem was fixed. No response was forthcoming.

17. Plaintiff subsequently left messages for Ms. Graf on September 17, 2004, September 23, 2004, December 1, 2004 and December 2, 2004 regarding Plaintiff's FOIA request. To each of these messages Plaintiff received no response whatsoever. Finally, reaching Ms. Graf on December 14, 2004, Ms. Graf responded "oh not 02-582", and then informed Plaintiff that the request had been reassigned to Ms. Tamia Layne and would be handled soon. After several more attempts, Plaintiff was able to reach Ms. Layne on December 17, 2004, and was told that she would be working on the request right after Christmas. Plaintiff called back trying to reach Ms. Layne on January 21, 2005, and March 17, 2005, each time leaving messages regarding request number 02-582 and each time receiving no response in return.

18. On March 25, 2005, Plaintiff contacted the FOIA compliance office once again requesting that a supervisor review the request history for the previous December-January period. Plaintiff was told that a partial release of approximately 300 pages would be mailed out as soon as it was done with supervisory review, but that Plaintiff could call back to check with Ms. Graf on its status. Subsequent calls to, and messages left for, Ms. Graf on March 25, 2005, April 22, 2005, April 29, 2005, and May 13, 2005 have all gone unreturned.

## CAUSE OF ACTION

19. Pursuant to FOIA 5 U.S.C. §552(a)(2) & §552(a)(3), Plaintiff has a right to obtain access to federal agency records regarding the field testing of genetically

engineered wheat that it has requested. Defendant has no legal basis under FOIA for denying the Plaintiff's access to these records.

20. Pursuant to 5 U.S.C. §552(6)(C)(i), Defendant has failed to comply with the applicable time limits under FOIA and Plaintiff has exhausted its administrative remedies. Defendant's delay tactics have been so unconscionable as to clearly be construed as a constructive denial of Plaintiff's request. Plaintiff, under FOIA, is entitled to judicial review of this matter.

## RELIEF REQUESTED

21. WHEREFORE, the Center for Food Safety respectfully requests this Court to:

> (A) Declare Defendant's actions of withholding access to the public records is not in accordance with the law.
>
> (B) Direct Defendant to comply with Plaintiff's records request and make available all requested documents.
>
> (C) Retain jurisdiction of this cause of action until Defendant has complied in full with any and all orders issued by the Court.
>
> (D) Award Plaintiff attorney fees and litigation costs incurred with bringing this action pursuant to 5 U.S.C. §552(a)(4)(E); and
>
> (E) Issue such other and further relief as it may deem necessary and proper.

`

Respectfully submitted,

Joseph Mendelson, III
D.C. Bar No. 439949

Center for Food Safety
660 Pennsylvania Avenue, SE
Suite #302
Washington, DC 20003
Ph. 202-547-9359
Fax 202-547-9429

ATTORNEY FOR PLAINTIFF

DATED: Wednesday, June 22, 2005

7